Vincent E. Bauer
Law Offices of Vincent E. Bauer
425 Madison Avenue, 17th Floor
New York, NY 10017
Ph: (212) 575-1517
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
FLEUR SOHTZ,

                                        Plaintiff,                    **22 cv 03608**

            -against-

                                                            **ANSWER**

NOOGATA TECHNOLOGIES, INC. and ASSAF EGOZI,

                                        Defendants.
------------------------------------------------------------------------X

Defendants Noogata Technologies, Inc. and Assaf Egozi, through their attorneys, The Law

Offices of Vincent E. Bauer, answer the Complaint filed in this action as follows:

1.   State that paragraph 1 contains legal conclusions to which no response is required.

2.   Deny the allegations contained in paragraph 1, except admit that some of the events at issue

     in this case arose in this district.

3.   Deny the allegations contained in paragraph 3, except admit that Plaintiff was employed by

     Noogata Technologies, Inc. ("Noogata"), and her employment was terminated on April 29,

     2022.

4.   Deny the allegations contained in paragraph 4, except admit that Noogata is a Delaware

     corporation.

5.   Admit the allegations in paragraph 5.

6.   Deny the allegations contained in paragraph 6, except admit that Plaintiff reported to Mr.

     Egozi, Noogata's co-founder.

7.  State that paragraph 7 contains legal conclusions to which no response is required.

8.  Admit the allegations contained in paragraph 8.

9.  Admit the allegations contained in paragraph 9.

10. Admit the allegations in paragraph 10.

11. Deny knowledge or information sufficient to admit or deny the allegations contained in paragraph 11, except admit that Plaintiff assisted Noogata with its company launch.

12. Deny the allegations contained in paragraph 12.

13. Deny the allegations in paragraph 13, except admit that Mr. Egozi offered Plaintiff the position of Chief Revenue Officer of Noogata.

14. Deny knowledge or information sufficient to admit or deny the allegations in paragraph 14.

15. Admit the allegations contained in paragraph 15.

16. Deny knowledge or information sufficient to admit or deny the allegations in paragraph 16, except admit that Plaintiff performed work for Team8 and Noogata for a period of months.

17. Deny knowledge or information sufficient to admit or deny the allegations in paragraph 17, except admit that, in November 2021, it was agreed that Plaintiff would work exclusively for Noogata.

18. Deny the allegations in paragraph 18.

19. Deny the allegations in paragraph 19.

20. Admit the allegations in paragraph 20.

21. Admit the allegations in paragraph 21.

22. Deny knowledge or information sufficient to admit or deny the allegations in paragraph 22.

23. Deny the allegations in paragraph 23 as stated.

24. Deny the allegations contained in paragraph 24, except admit that, on February 16, 2022, Plaintiff requested certain accommodations because of an unidentified "condition".

25. Deny the allegations in paragraph 25, except admit that Messrs. Egozi and Raboy expressed a willingness to work with Plaintiff regarding a potential accommodation of her unidentified "condition".

26. Deny the allegations in paragraph 26.

27. Deny the allegations in paragraph 27.

28. Deny the allegations in paragraph 28.

29. Deny the allegations in paragraph 29.

30. Deny the allegations in paragraph 30.

31. Deny the allegations in paragraph 31.

32. Deny the allegations in paragraph 32.

33. Deny the allegations in paragraph 33.

34. Deny the allegations in paragraph 34.

35. Deny the allegations in paragraph 35.

36. Deny the allegations in paragraph 36, except admit that Plaintiff sent an email on March 15, 2022, and refer to that email for its contents.

37. Deny the allegations in paragraph 37, except admit that Mr. Egozi sent an email response to Plaintiff's March 15 email, and refer to that email for its contents.

38. Deny the allegations in paragraph 38.

39. Deny the allegations in paragraph 39.

40. Deny the allegations in paragraph 40.

41. Deny the allegations in paragraph 41.

42. Deny the allegations in paragraph 42.

43. Deny the allegations in paragraph 43, except admit that Plaintiff sent an email on April 7, 2022, and refer to that email for its contents.

44. Deny the allegations in paragraph 44, except admit that Plaintiff's counsel sent a letter dated April 7, 2022.

45. Deny the allegations in paragraph 45, except admit that Plaintiff's employment was terminated on April 29, 2022.

46. Deny the allegations in paragraph 46.

47. Deny the allegations in paragraph 47.

48. Deny the allegations in paragraph 48.

49. Deny the allegations in paragraph 49.

50. Repeat their responses to the preceding paragraphs.

51. Deny the allegations in paragraph 51.

52. Deny knowledge or information sufficient to admit or deny the allegations in paragraph 52.

53. Deny the allegations in paragraph 53.

54. Deny the allegations in paragraph 54.

55. Deny the allegations in paragraph 55.

56. Deny the allegations in paragraph 56.

57. Deny the allegations in paragraph 57.

58. Deny the allegations in paragraph 58.

59. Deny the allegations in paragraph 59.

60. Deny the allegations in paragraph 60.

61. Deny that Defendants are liable to Plaintiff.

62.  Repeat their responses to the preceding paragraphs.

63. State that paragraph 63 contains legal conclusions to which no response is required.

64. Deny the allegations in paragraph 64.

65. Deny the allegations in paragraph 65.

66. Deny the allegations in paragraph 66.

67. Deny the allegations in paragraph 67.

68. Deny the allegations in paragraph 68.

69. Deny the allegations in paragraph 69.

70. State that paragraph 70 contains requests for relief to which no response is required.

71.  Repeat their responses to the preceding paragraphs.

72.  Deny the allegations in paragraph 72.

73. Deny the allegations in paragraph 73.

74. Deny the allegations in paragraph 74.

75. Deny the allegations in paragraph 75.

76. State that paragraph 76 contains requests for relief to which no response is required.

77. Repeat their responses to the preceding paragraphs.

78. Deny the allegations in paragraph 78.

79. Deny the allegations in paragraph 79.

80. Deny the allegations in paragraph 80.

81. Deny the allegations in paragraph 81.

82. Deny the allegations in paragraph 82.

83. Deny the allegations in paragraph 83.

84. Deny the allegations in paragraph 84.

85. State that paragraph 85 contains requests for relief to which no response is required.

86.  Repeat their responses to the preceding paragraphs.

87.  Deny the allegations in paragraph 87.

88.  Deny the allegations in paragraph 88.

89.  Deny the allegations in paragraph 89.

90. Deny the allegations in paragraph 90.

91. State that paragraph 91 contains requests for relief to which no response is required.

92. Repeat their responses to the preceding paragraphs.

93.  State that paragraph 93 contains legal conclusions to which no response is required.

94. Deny the allegations in paragraph 94.

95. Deny the allegations in paragraph 95.

96. Deny the allegations in paragraph 96.

97. Deny the allegations in paragraph 97.

98. Deny the allegations in paragraph 98.

99. State that paragraph 99 contains legal conclusions to which no response is required.


## AFFIRMATIVE DEFENSES

1.  Plaintiff fails to state a claim upon which relief may be granted.

2.  Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

3.  Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

4.  Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

5.  The claims of Plaintiff are barred in whole or in part by the applicable statutes of limitations.

6.  Plaintiff failed to mitigate her damages, if any.

7. Plaintiff's claims are barred, in whole or in part, by the exclusivity provisions of the applicable Workers' Compensation scheme.

8. Each and every action taken by Defendants regarding Plaintiff's employment was based upon legitimate, non-discriminatory business reasons.


Defendants reserve the right to assert additional affirmative defenses as they become known through discovery or investigation.

WHEREFORE, Defendants respectfully request that this Court dismiss the claims filed in this action with prejudice, and award Defendants such other relief as the Court deems just and proper.

Dated:  New York, New York
             June 15, 2022                                    _____s/_____
                                                                      Vincent E. Bauer
                                                                      Law Offices of Vincent E. Bauer
                                                                      425 Madison Avenue, 17th floor
                                                                      New York, NY 10017
                                                                      (212) 575-1517

                                                                      Counsel to Defendants