UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FLEUR SOHTZ,

                    Plaintiff,

-against-

NOOGATA TECHNOLOGIES, INC. and
ASSAF EGOZI,

                    Defendants.

1:22-cv-03608 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

      On February 2, 2023, Vincent Bauer of the Law Offices of Vincent E. Bauer ("Bauer"), counsel for Defendants Noogata Technologies, Inc. ("Noogata") and Assaf Egozi ("Egozi"), moved to withdraw as counsel for Egozi in this action and served his application to withdraw on both Defendants. *See* ECF Nos. 23, 29. Bauer states that "a conflict has arisen between [his] clients, the Defendants in this action" and he is therefore "compelled to move for leave to withdraw as counsel to Mr. Egozi." *Id*. Bauer does not provide further detail because, he asserts, description of the conflict would require "disclosure of confidential and attorney-client privileged communications." *Id*. He states that Egozi takes no position on this request at this time. *Id*. Plaintiff does not consent to the motion. *See* ECF Nos. 23, 25.

      Pursuant to Southern District of New York Local Civil Rule 1.4, an "attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court" and "[s]uch an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien." Additionally, "[a]ll applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties." S.D.N.Y. Loc. Civ. R. 1.4.

Under the New York Code of Professional Responsibility, a "lawyer shall not continue" representing multiple clients "if the exercise of independent professional judgment on behalf of a client will be or is likely to be adversely affected by the lawyer's representation of another client, or if it would be likely to involve the lawyer in representing differing interests," although withdrawal is not required if there is adequate disclosure to and consent from the clients and a disinterested lawyer would believe they could continue the representation.  N.Y. Code of Professional Responsibility ("N.Y. Code"), DR 5-105(B)-(C).  In other words, generally, "[a]n attorney representing joint clients must withdraw from the joint representation if information obtained 'in confidence' from one of the joint clients gives rise to a conflict of interest with the other joint client."  *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 785 (2d Cir. 1999) (internal citation omitted); *see also United States v. Yannotti*, 358 F. Supp. 2d 289, 295 n.46 (S.D.N.Y. 2004) ("It is hard to conceive of a conflict of interest between clients that would not be serious." (quoting *United States ex rel. Stewart v. Kelly*, 870 F.2d 854, 857 (2d Cir. 1989)).

Here, Bauer asserts that a conflict has arisen between his clients – Defendants in this action – sufficient to compel Bauer to withdraw as counsel for Egozi.  *See* ECF No. 23.  Although Bauer's submissions in support of withdrawal lack specificity, a deficiency Bauer seeks to excuse by reference to the attorney-client privilege, the reason for withdrawal proffered by Bauer is satisfactory under the applicable ethical and local rules.  *See, e.g.*, N.Y. Code, DR 5-105(B); S.D.N.Y. Loc. Civ. R. 1.4; *see, e.g.*, *Neilson v. Colgate-Palmolive Co.*, No. 94-cv-07643 (BSJ) (THK), 1997 WL 80603, at *2 (S.D.N.Y. Feb. 26, 1997) (granting motion to withdraw despite lack of specificity because "such generality was intentional in order to avoid revealing attorney-client confidences and prejudicing plaintiff before the Court"); *Dowler v. Cunard Line Ltd.*, No. 94-cv-07480, 1996 WL 363167, at *1 (S.D.N.Y. June 28, 1996) (granting motion to

withdraw even though "the Court is not privy to the specifics of the conflict").  Although Plaintiff objects in general terms that the conflict "may raise questions of the credibility of both Defendants," Plaintiff does not dispute that a conflict between clients provides a basis for withdrawal.  *See* ECF No. 25.

Second, Bauer has confirmed that he is not asserting a retaining lien against Egozi in this action.  *See* ECF No. 27.  And third, Bauer has served his application to withdraw on his clients, Egozi and Noogata, via email and served all other parties through the electronic filing system.  *See* ECF Nos. 23, 29.  Finally, although withdrawal of counsel for one Defendant may result in some delay to this action, the Civil Case Management Plan and Scheduling Order in this action was filed only two months ago, no dispositive motions have been filed, and trial is not imminent.

Accordingly, Bauer's letter motion to withdraw as counsel for Egozi is GRANTED.

IT IS HEREBY ORDERD that Bauer shall serve this Order on Egozi and Noogata and file proof of such service on the docket by **February 21, 2023**.

IT IS FURTHER ORDERED that Bauer shall file, by **February 21, 2023**, a letter containing the current mail, telephone, and email contact information for Egozi.

IT IS FURTHER ORDERED that Egozi shall, by **March 9, 2023**, (1) retain new counsel and have such counsel file a notice of appearance in this action, or (2) submit a letter stating that Egozi intends to proceed *pro se*.

The Clerk of Court is respectfully directed to terminate ECF No. 23.

Dated: February 16, 2023
       New York, New York

                                                    SO ORDERED.

                                                    _____
                                                    JENNIFER L. ROCHON
                                                    United States District Judge